**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-1744-L** |
| | § | |
| **TONSHAE BOLDEN**, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| **SPRINT NEXTEL CORPORATION,** | § | |
| | § | |
| Garnishee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Hearing, filed October 26, 2010. After reviewing the motion, responses, reply, and applicable law, the court **denies** Defendant's Motion for Hearing.

**I.  Procedural History**

Defendant Tonshae Bolden ("Bolden" or "Defendant") filed a Motion for Hearing on October 26, 2010. The government filed a timely response on November 9, 2010, contending that Bolden failed to allege any legal basis to support her request for a hearing. After reviewing the motion, the court issued an order on November 15, 2010, instructing Defendant to state the basis for her request, in writing, by November 29, 2010. The court instructed the government to reply by December 8, 2010, and overruled the United States' objection because the court determined that Bolden should have the opportunity to state the basis for her request.

**Memorandum Opinion and Order - Page 1**

## II. Legal Standard

Pursuant to 28 U.S.C. §3202(d), the issues for a garnishment hearing shall be limited:

> (1) to the probable validity of any claim of exemption by the judgment debtor;
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to
> > (A) the probable validity of the claim for the debt which is merged in the judgment; and
> > (B) the existence of good cause for setting aside such judgment.

## III. Discussion

Bolden submitted a Reply to Plaintiff's Denial on November 24, 2010. Bolden asserted that she was instructed by her probation officer, Cecillo Bustamante, to comply with the restitution that she owes in case number 3:06-CR-258-01 before she complies with the restitution order in case number 4:02-CR-022-03. She stated that her current employer was previously unaware of her criminal convictions and that Officer Bustamante agreed that she should not tell them because it could negatively impact her employment. Bolden further contended that as a result of the garnishment action her employer is now aware of her criminal convictions and has terminated her as a result. Finally, Bolden contends that compliance with the restitution order places an undue hardship on her household.

The government responds that Bolden has failed to allege any legal basis to support her request for a hearing. Specifically, the government contends that none of the aforementioned issues is permitted to be addressed at a hearing under 28 U.S.C. §3202(d).

The court agrees with the government. Pursuant to 28 U.S.C. § 3202(d), Defendant has failed to demonstrate compliance with any of the requirements for a hearing. After broadly construing Bolden's motion, the court determines that a hearing is not warranted. Consequently, the court concludes that Defendant has failed to meet any of the statutory requirements for a hearing pursuant to 28 U.S.C. § 3202(d) and thus denies her motion for a hearing.

## IV. Conclusion

The court **determines** that Defendant has failed to meet any of the statutory requirements for a hearing under 28 U.S.C. § 3202(d). Accordingly, the court **denies** Defendant's request for a hearing pursuant to 28 U.S.C. § 3202(d).

**It is so ordered** this 28th day of December, 2010.

Sam A. Lindsay
United States District Judge